CITY OF CANTON *v.* HART.[*]

(Division B. Feb. 22, 1926.)

[107 So. 195.    No. 25428.]

1. APPEAL AND ERROR. *Verdict not in excess of damage from change in street grade shown, not reversed for failure of parties to request proper instructions as to damage.*

Where the testimony in a case for damage to property by elevating the grade of the street showed the difference in value immediately before and immediately after the improvement, and the jury returned a verdict not in excess of such testimony, the court will not reverse for the failure of the parties to request a proper instruction as to the damage in such case.

2. APPEAL AND ERROR. *If neither party requests instruction on proposition of law, and proper testimony is before jury, court will presume jury knew law, in absence of contrary showing.*

    Where neither party requests an instruction upon a proposition of law, and where proper testimony is before the jury, the court will presume that the jury knew the law, unless there is something to show the contrary.

*Corpus Juris-Cyc. References; Appeal & Error, 4 C. J., pp. 772, n. 86; 1166, n. 73; Damages, 17 C. J., p. 1062, n. 84; Trial, 38 Cyc., p. 1690, n. 41.

APPEAL from circuit court of Madison county.
HON. W. H. POTTER, Judge.

Action by Mrs. Pattie C. Hart against the City of Canton. Judgment for plaintiff, and defendant appeals. Affirmed.

*H. B. Greaves,* for appellant.

The true measure of damages in cases of this kind is the difference between the value of the property immediately before the improvements and immediately after the improvements were made. As the property claimed to have been damaged was worth on the market, immediately after the improvements were made, more than it was worth before, not taking into consideration any special improvement, the plaintiff is not entitled to recover. See *City* v. *Higgins,* 81 Miss. 376; *Warren County* v. *Rand,* 88 Miss. 395; *Schlicht* v. *Clarke,* 114 Miss. 354. The only evidence here offered with regard to the damages suffered by Mrs. Hart does not touch or deal with the value as defined in these decisions, but gives specific instances of what he considers his damages.

The city is under no obligations to jack up houses and fill in the lots where the grade is raised in front of a place. All the city is required to pay in this regard is the depreciation in value, if any is shown. The matter of damages was left to the jury and yet when the defend-

ant asked the court to instruct the jury as to damages because of standing water before and after the improvement, it was refused.

The only thing that approaches accuracy as to damages sustained by the plaintiff, if any at all, is the one hundred loads of dirt which he estimates at eighty cents. He does not even swear positively that he put one hundred loads of dirt in there. I submit that under the very latest decision of this court, which groups a number of authorities, *Tishimingo County* v. *McConville,* 104 So. 452, where it was held that one hundred dollars was a reasonable amount to be awarded and was not inadequate and it was shown in the evidence in that case that the grade had been materially lowered several feet, while in this case it was shown to have been raised only eighteen inches, this case should be reversed and remanded for a new trial, because the preponderance of the testimony shows that the property immediately after the improvements were completed was worth more than immediately before the improvements were made.

*Powell, Harper & Jiggitts,* for appellee.

Appellant contends that "there is no competent evidence as to damages sustained by the plaintiff." On the contrary, there is voluminous, competent evidence as to damages sustained by the plaintiff in this case. Evidence was introduced showing that the foundations of the house are giving away due to the act complained of; that because of the city's damming up of the property, water continually ponds under the house and has caused the plaster to crack; that the place has rendered both unhealthy and inconvenient for occupancy and unsightly; that the plaintiff has gone to her own expense in hauling dirt into the lot in an attempt to better these conditions; that in order to place the house back in the same condition in which it was prior to the city's act, the house would have to be raised; that the lot would have

to be filled in; that the cost of raising the house would be twelve hundred dollars; that the cost of filling in the lot so that it would be level with the sidewalk as raised by the city would be seven hundred fifty dollars; that the difference in the market value of the property is two thousand dollars. These facts were never rebutted by the defendant city, nor did the city even attempt to rebut them. The various elements of damages which this court has decided competent in such cases as this, were adequately introduced.

In *Vicksburg* v. *Herman*, 72 Miss. 211, this court held that compensation in such a case as this is not limited to the amount necessarily expended in building a wall to support the lots, but should include all damages, *direct and consequential,* sustained by the owner. See, also, *Murphy* v. *City of Meridian*, 103 Miss. 110; *City of Jackson* v. *Williams,* 92 Miss. 307; *City of Meridian* v. *Higgins,* 81 Miss. 376; *Robinson* v. *Vicksburg,* 54 So. 58; *Tishomingo County* v. *Adams,* 104 So. 452; *Schlight* v. *Clark,* 114 Miss. 355; *Warren County* v. *Rand,* 88 Miss. 395.

The appellant argues that the plaintiff should at least intimate in some instruction what rule governs the measure of damages. Appellee here earnestly points out to this court that plaintiff's case was based absolutely on the allegation that the market or salable value of the property was lowered, after the city raised the grade of the sidewalk on Liberty street and the roadbed to the north of the property. If the defendant had desired an instruction along these lines, he should have asked for such an instruction. The court below, of course, could not give the instruction unless the defendant requested it. This the defendant did not do. But the defendant did raise the question by repeated instructions which were given to the effect that if the jury believed the property of the defendant was not damaged, the jury should find for the defendant.

ETHRIDGE, J., delivered the opinion of the court.

The appellee was plaintiff below and sued the appellant for damage to her property caused by the raising of the grade of the street abutting her property.; such change having the effect of raising the street from eighteen to twenty inches above her property, and thereby causing the water to stand upon her lot and injuring the foundation and walls of her house. It was alleged that prior to the raising of the grade of the street abutting her lot that the water passed over plaintiff's property and over the street; the street being on a level with her property. Plaintiff's testimony showed that her property was damaged by reason of the depreciation of the value thereof, taking the property value immediately before and immediately after the raising of the street grade in question. There was other testimony admitted without objection, to the effect that the plaintiff had to get eighty loads of earth to place upon her lot at a cost of one dollar a load, and that it would require the expenditure of seven hundred fifty dollars to raise the lot to the level of the street; also that it would require several hundred dollars to raise the house and repair its walls —plaintiff's proof making it appear that it would cost about two thousand five hundred dollars to make the necessary repairs on her property. The jury returned a verdict for seven hundred fifty dollars.

Neither the plaintiff nor the defendant procured an instruction correctly defining the method of determining the value of the damage to plaintiff's property caused by the improvement, and there was no instruction telling the jury that the test of the damage was the difference in the value of the property immediately before and immediately after the raising of the grade of the street abutting plaintiff's property.

It is admitted by the appellant that plaintiff's instructions were technically correct, although it is complained that they are misleading because of the failure of the

plaintiff to obtain the correct instruction on the measure of damages as above indicated. The defendant likewise failed to get an instruction on this proposition, and the jury were left without specific instruction upon that proposition. The court cannot give an instruction in this state on its own motion.

There is nothing in the record to show that the jury were misled as to the law, and we are unable to say that the jury did not know the rule, or that they erred in their finding, and the judgment will therefore be affirmed.

*Affirmed.*